[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-3062
Non-Argument Calendar
_____

D. C. Docket No. 97-633-CIV-J-20B

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/23/99
THOMAS K. KAHN
CLERK

LEONARD ANTHONY DUNN,

Petitioner-Appellant,

versus

HARRY K. SINGLETARY, Secretary,
Department of Corrections;
ROBERT A. BUTTERWORTH, Florida
Attorney General,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 23, 1999)

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Leonard Anthony Dunn, a Florida inmate proceeding pro se, appeals the district court's denial of his habeas corpus petition under 28 U.S.C. § 2254. Dunn is currently serving a 50-year sentence for his 1986 conviction on a guilty plea to second-degree murder with a firearm. Because Dunn filed his petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 101 Stat. 1214, the AEDPA governs this case.

The AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed," 28 U.S.C. § 2244(b)(1), and that a claim presented in a second or successive habeas corpus application that was not presented in a prior application shall be dismissed unless either of two narrow exceptions applies, 28 U.S.C. § 2244(b)(2). Before filing the instant petition, Dunn filed his first § 2254 petition in 1990 ("1990 Petition"). The 1990 Petition was tried in an evidentiary hearing before a magistrate judge, and the magistrate judge recommended the petition be denied. The district court adopted the magistrate's report and recommendation and denied the 1990 Petition.

In the instant case, the district court determined that because of the existence and denial of the 1990 Petition, the instant petition constituted a "second or successive application" due to be dismissed under the AEDPA. The only factual twist in this case that could possibly affect the application of § 2244(b) to this case is that the clerk of court preparing the civil judgment form disposing of the 1990 Petition erroneously indicated that the 1990 Petition was being dismissed "without prejudice."[1] When an earlier habeas corpus petition was dismissed without prejudice, a

_____

[1] This case bears a complicated procedural history. Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A). A three-judge panel of this court held that Dunn failed to make the prima facie showing necessary to bring a second or successive petition containing new claims,

later petition is not "second or successive" for purposes of § 2244(b).  See, e.g., Carlson v. Pitcher, 137 F.3d 416, 420 (6th Cir. 1998) (holding that a habeas petition filed after a previous petition has been dismissed without prejudice to allow the petitioner to pursue state remedies is not "second or successive"); McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997); Camarano v. Irvin, 98 F.3d 44, 46-47 (2d Cir. 1996).[2]

Here, in contrast, Dunn's 1990 Petition was litigated to a conclusion on the merits.  In that case, Dunn claimed that (i) trial counsel had rendered ineffective assistance and (ii) his guilty plea was involuntary, and the magistrate judge determined that both of these claims were substantively without merit.  Specifically, the magistrate judge found that Dunn's claim that he was incorrectly advised that by waiving the Florida sentencing guidelines he could make himself eligible for parole review failed the two-part test of Strickland v. Washington, 466 U.S. 668 (1984), because counsel made a tactical choice and did not misrepresent the availability of parole, and there was no prejudice

_____

but noted that if the 1990 Petition was truly dismissed without prejudice, as Dunn claimed it was, the instant petition did not constitute a "second or successive petition" and he did not need authorization from the court of appeals to proceed.  Dunn returned to the district court and filed a motion for relief from the May 30, 1997, order dismissing the instant petition without prejudice. The district court did vacate that order, but found that the 1990 Petition had actually been denied on the merits and that the clerk simply made a scrivener's error in recording the 1990 judgment as having been without prejudice.  Thus, following this court's holding that Dunn had failed to make the requisite prima facie showing for bringing a second or successive petition, the district court dismissed the instant petition with prejudice.  It is this most recent order of the district court, entered July 30, 1997, and dismissing Dunn's claim pursuant to § 2244(b), that is currently before this court.

[2]  A petition might be dismissed without prejudice, for example, to allow the petitioner to exhaust state post-conviction remedies, or because the petitioner failed to comply with technical filing requirements.  Cf. Stewart v. Martinez-Villareal, 118 S. Ct. 1618, 1621-22 (1998) (holding that where an earlier habeas corpus petition raising a competency-to-be-executed claim was dismissed as premature, that dismissal would be viewed as without prejudice so that a later petition raising the same claim would not be "second or successive" under § 2244(b)).

3

to the outcome of the plea process at any rate.  As for the involuntary plea claim, the magistrate judge found that Dunn's plea was intelligent, well-informed, and knowing.  The magistrate judge's August 28, 1992, recommendation that Dunn's habeas corpus petition be denied was adopted, confirmed, and incorporated by the district court by order of December 9, 1992, over Dunn's objections thereto.  Thus, the 1990 Petition was actually denied on the merits.  In the order now on appeal, the district court so found, explaining that the indication on the civil judgment form that the 1990 Petition was dismissed without prejudice was a mere scrivener's error.

We hold that the § 2244(b) inquiry as to whether a petition is second or successive must focus on the substance of the prior proceedings--on what actually happened.  Allowing Dunn to re-litigate his habeas corpus petition because of a mere scrivener's error would subvert the purpose of the AEDPA's "gatekeeping" provisions:  to restrict habeas petitioners from taking multiple bites at the apple.[3]  See Felker v. Turpin, 116 S. Ct. 2333, 2340 (1996) ("The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.' ").

Because the instant petition is "second or successive" within the meaning of § 2244(b), the district court was bound to dismiss it.  See 28 U.S.C. § 2244(b)(4).  This court has already

---

[3] We note that this is not a case where the litigant was prejudiced because of a clerical error in the judgment form.  Dunn did not forgo any action or lose any opportunities due to a mistaken belief that the dismissal of the 1990 Petition was without prejudice.  He did fail to appeal the denial of the 1990 Petition in time, allegedly because he did not receive notice of the dismissal until more than two years after the order was entered.  However, his failure to appeal was due to this alleged non-receipt of the order, not to any mistaken belief that the dismissal had been without prejudice.  Once he received the order, Dunn sought to attack the denial of the 1990 Petition through a motion for leave to file a Fed. R. Civ. P. 60(b)(6) relief-from-judgment motion, which was denied.  There is no indication or conceivable reason that Dunn would have treated matters any differently if the civil judgment form had correctly reflected that the dismissal of the 1990 Petition was with prejudice.

4

determined, in its May 7, 1997, denial of application for leave to file a second or successive habeas corpus petition in this case, that "Dunn has failed to make a prima facie showing of the existence of either of [the] two grounds" for bringing new claims in a second or successive petition.

Accordingly, the judgment of the district court dismissing Dunn's petition for writ of habeas corpus is

**AFFIRMED**.