[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2008
THOMAS K. KAHN
CLERK

No. 07-15678
Non-Argument Calendar

_____

D. C. Docket No. 07-00832-cv-J-20-HTS

DENNIS AUBREY WILSON,

Petitioner-Appellant,

versus

MICHAEL B. MUKASKEY,
d.b.a. Attorney General of the United States,
GEORGE W. BUSH,
d.b.a. 43rds President of the United States,
JORGE PASTRANA,
d.b.a. Warden, FCI Miami,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 14, 2008)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Dennis Aubrey Wilson, a federal prisoner, appeals pro se the dismissal of his motion to vacate his conviction and sentence for drug-related offenses. 28 U.S.C. § 2255. Because the record is inadequate for our review, we vacate and remand.

In May 1997, Wilson filed a motion to vacate under section 2255. The district court concluded that Wilson's pleading was deficient and ordered Wilson to amend his motion with specific facts and law. After Wilson failed to respond, the district court concluded again that Wilson's motion was deficient and denied the motion. Wilson filed a motion for reconsideration which was also denied. It is unclear whether the denial of Wilson's motion was with or without prejudice.

In August 2007, Wilson filed a pro se pleading and argued that the district court did not have jurisdiction over his 1990 conviction and that the sentencing guidelines were unconstitutional. Although it is unclear under which statute Wilson filed his pleading, 28 U.S.C. § 2255 or 28 U.S.C. § 2241, the district court construed the pleading as filed under section 2241 and dismissed it without prejudice because the savings clause did not apply. In the alternative, the district court stated that, if the motion was filed under section 2255, it was dismissed without prejudice because Wilson did not have permission to file a second or successive motion.

2

Section 2255 requires a prisoner who has filed an earlier motion to vacate to receive permission from the Court of Appeals before filing another motion. 28 U.S.C. § 2255(h). Unless the Court of Appeals permits the filing of a second or successive motion, the district court lacks jurisdiction to consider the motion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Although the statute does not define "second or successive, " McIver v. United States, 307 F.3d 1327, 1330 (11th Cir. 2002), our precedent establishes that an earlier motion must be denied with prejudice to render a later motion second or successive. See Dunn v. Singletary, 168 F.3d 440, 441 (11th Cir. 1999).

Under limited circumstances, section 2255 permits a federal prisoner to file a habeas petition under section 2241, a provision known as the "savings clause." See 28 U.S.C. §§ 2241(a), 2255. A petition under 2241 is permitted if the remedy under section 2255 is inadequate or ineffective. See 28 U.S.C. § 2255(e). The burden is on the movant to establish the inadequacy or ineffectiveness. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). Restrictions on successive petitions under section 2255 do not render relief inadequate or ineffective within the meaning of the savings clause. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

We review de novo the availability of habeas relief under section 2241.

3

Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). We review questions concerning the subject matter jurisdiction of the district court de novo. Mesa Valderrama v. United States, 417 F.3d 1189, 1194 (11th Cir. 2005). Because "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), courts "have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990).

The district court construed Wilson's pleading as filed under section 2241 because Wilson had already filed a motion under section 2255 and did not have permission to file a successive motion, but the record does not allow us to determine whether Wilson's current motion is successive. The record does not contain the first filing or the corresponding orders of the district court. Because we cannot ascertain whether the first filing was denied with or without prejudice, we must vacate and remand to the district court to examine the record.

The determination whether Wilson's current motion is second or successive is a threshold jurisdictional question. If the first motion was denied with prejudice, then the district court did not err when it dismissed Wilson's current

4

motion because the savings clause does not apply and the motion is otherwise second or successive.  See Wofford, 177 F.3d at 1245.  If the first motion was denied without prejudice, then the district court did not lack jurisdiction to consider Wilson's current motion under section 2255.  See Dunn, 168 F.3d at 441. We vacate and remand to the district court to obtain and examine the record to determine whether Wilson's earlier motion was denied with or without prejudice. The district court should then decide whether Wilson's current motion should be denied or considered further.

**VACATED AND REMANDED.**