[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10254
Non-Argument Calendar

_____

D. C. Docket No. 94-00065-CR-T-24-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON SPENCER WEEKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 6, 2008)

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Jason Weeks, a federal prisoner, appeals the district court's denial of his petition for a writ of mandamus to compel specific performance by the government to comply with its oral agreement to file a Federal Rule of Criminal Procedure 35(b) motion for a reduction of his sentence. The district court did not abuse its discretion by denying the petition without first holding an evidentiary hearing to determine if the government was acting in good faith because contract principles do not apply and Weeks has not made an allegation or substantial showing that the government's decision not to file the motion was based on a constitutionally impermissible motive. Accordingly, we AFFIRM.

## I. BACKGROUND

In 1994, a jury convicted Weeks on multiple counts, including conspiracy to defraud, in violation of 18 U.S.C. § 371 (Count 1); mail fraud, in violation of 18 U.S.C. § 1341 (Counts 2-5); wire fraud, in violation of 18 U.S.C. § 1343 (Counts 6, 7); money laundering, in violation of 18 U.S.C. § 1956 (Counts 9, 10); interstate transportation of stolen property, in violation of 18 U.S.C. § 2314 (Count 11); conspiracy to murder, in violation of 18 U.S.C. § 1117 (Count 14); illegal possession of silencers, in violation of 26 U.S.C. § 5861 (Count 15); and illegal possession of firearms and ammunition by fugitives, in violation of 18 U.S.C. § 922 (Counts 16, 17). Weeks was sentenced to 360 months' imprisonment.

In 2007, Weeks filed a motion pursuant to 28 U.S.C. § 1361 to compel specific performance by the government to comply with an alleged oral agreement to file a Rule 35(b) motion. Weeks stated that he was entitled to an evidentiary hearing and wanted the district court to order the government to fully and faithfully evaluate his post-sentence cooperation in the prosecution of Joseph Cuciniello. Additionally, Weeks urged the court to issue a report and recommendation determining whether his aid qualified him for a Rule 35(b) motion. If the government did file a Rule 35(b) motion, Weeks requested a four-level offense reduction in his sentence, or in the alterative, a re-sentencing hearing.

In his motion, Weeks argued that the government had orally agreed to file an Rule 35(b) motion if he assisted the government in obtaining the arrest or conviction of Cuciniello. Weeks claimed that the government also stated that it would consider filing an Rule 35(b) motion if codefendant Theodore Navolio or Weeks's sister Melissa Ceresoli provided substantial assistance in several other criminal matters. Navolio's affidavit stated that , if substantial assistance was provided, the government indicated that it would consider filing a Rule 35(b) sentence reduction motion regarding Weeks's sentence. Weeks claims that he assisted Navolio in providing the government with information concerning an ecstasy, firearms, and child pornography ring.

3

In addition, Weeks asserted that the government orally agreed to file an Rule 35(b) motion upon the arrest or conviction of Cuciniello. Weeks's assistance against Cuciniello included information concerning investor lists, money transfers, deposits, withdrawals and wire transfers, corporate entity lists, and additional incriminating information. After Weeks volunteered to be placed in Cuciniello's cell to extract more information, the government told him that he had already provided substantial assistance and that it would be overkill to do anything more.

Weeks asserted that his cooperation against Cuciniello was further bolstered by Ceresoli's cooperation with federal law enforcement. According to Ceresoli's affidavit, the government indicated that, if she provided information which led to the arrest or conviction of another person, it would evaluate the cooperation for consideration as to whether it qualified Weeks's for a sentence reduction based upon substantial assistance. Ceresoli indicated that she provided information on Cuciniello's illicit activities, which the government concluded was substantial assistance.

Cuciniello was found guilty on many different fraud related counts at trial. After that conviction, Weeks claimed that he gave the government information on a separate cocaine smuggling operation. The government informed Weeks that,

due to his criminal record, it would not consider a Rule 35(b) motion unless he could provide it with information on Osama Bin Laden's whereabouts.

The district court interpreted Weeks's motion as a request for a report and recommendation determining whether he was entitled to a Rule 35(b) substantial assistance motion and denied it. Weeks moved for reconsideration, explaining that the district court had misinterpreted his request because he was asking for the district court to compel the government to provide the district court with a full assessment of his cooperation and a report and recommendation determining in good faith whether a Rule 35(b) reduction was warranted, and that he was not asking the district court for the assessment or a determination of his entitlement to a substantial assistance motion. Weeks stated that his motion was based on his claim that the government's refusal to evaluate his cooperation was without rational justification and violated the cooperation agreement between Weeks and the government. The district court directed the government to file a response.

In its response, the government first argued that it considered the information provided by Weeks, Ceresoli, and Novolio but concluded that none of this information individually or aggregated was sufficient to merit the filing of a Rule 35(b) motion. Second, the government asserted that Weeks failed to allege that the government's failure to file the Rule 35(b) motion was based on an

5

unconstitutional motive. Further, the government denied that it promised Weeks that it would file a Rule 35(b) motion upon the arrest or conviction of Cuciniello. The government maintained that it only agreed to evaluate the nature and extent of the cooperation and determine whether it qualified for a sentence reduction. The government concluded that, to the extent Weeks sought a good faith evaluation of his assistance, his motion was moot since its response provided him the relief he sought, and his request for sentencing reduction should be denied.

The district court denied Weeks's motion to reconsider. The court found that the government made a good faith evaluation of the cooperation by Weeks and others on his behalf and found that the cooperation did not merit the filing of a Rule 35(b) motion. In addition, Weeks failed to make a substantial showing that the government's refusal to file a Rule 35(b) motion was not rationally related to a legitimate government end.

## II. DISCUSSION

On appeal, Weeks argues that the government violated its oral contractual agreement by not filing a Rule 35(b) motion upon the arrest of Cuciniello. He contends that, because there was a cooperation agreement, the government's refusal to make a Rule 35(b) motion was in bad faith. Weeks concedes that normally the government has the power, not a duty, to file a Rule 35(b) motion, but

6

that the government contracted away its right to deny Weeks credit once the agreed-upon information was furnished and Cuciniello was arrested. Weeks argues that he was entitled to a hearing and an opportunity to present Bureau of Prisons recorded telephone conversations evidencing the government's promises.

Since Weeks sought relief pursuant to 28 U.S.C. § 1361, his motion to compel performance is a mandamus petition, and the district court's denial of a petition for a writ of mandamus is reviewed for abuse of discretion. Kerr v. United States D.Ct. for the N.D. of Cal., 426 U.S. 394, 403, 96 S. Ct. 2119, 2124 (1976). Under an abuse of discretion analysis, we "must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." Amlong & Amlong, P.A. v. Denny's Inc., 500 F.3d 1230, 1238 (11th Cir. 2007) (citations and internal quotations omitted). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. . . . Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." In re BellSouth Corp., 334 F.3d 941, 953 (11th Cir. 2003). "The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." Id. (citation and internal quotations omitted). "Mandamus . . . lies only to confine a lower court within its jurisdiction or to compel it to perform ministerial, not

discretionary, functions." Weber v. Coney, 642 F.2d 91, 92 (5th Cir. Unit A 1981) (per curiam).

Rule 35(b) allows the government to move to reduce a defendant's sentence after sentencing when the defendant provides substantial assistance in investigating or prosecuting another person. See Fed. R. Crim. P. 35(b). The government has the power, but not the duty, to file a Rule 35(b) motion when the defendant has provided substantial assistance. Wade v. United States, 504 U.S. 181, 185, 112 S. Ct. 1840, 1843 (1992). "U.S.S.G. § 5K1.1 and Rule 35(b) work in tandem to give the Government two opportunities to reward a defendant's substantial assistance in the investigation or prosecution of others." United States v. Alvarez, 115 F.3d 839, 842 (11th Cir. 1997). "Section 5K1.1 addresses cooperation before sentencing while Rule 35(b) addresses cooperation after sentencing." Id.

The Supreme Court has held that federal district courts may review the government's refusal to file a substantial-assistance motion if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as race or religion. Wade, 504 U.S. at 185-87, 112 S. Ct. at 1843-44. In the absence of this showing, the defendant has no right to discovery or an evidentiary hearing on this issue. Id. 504 U.S. at 186, 112 S. Ct. at 1844. In Wade, the Court noted that a defendant would be entitled to relief if the

8

prosecutor's refusal to move was not rationally related to any legitimate government interest. Id. at 186, 112 S. Ct. at 1844. Applying the Supreme Court's holding in Wade, we have concluded that "courts are precluded from intruding into prosecutorial discretion," except where there is "an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." United States v. Forney, 9 F.3d 1492, 1501-02 (11th Cir. 1993).

In Forney, we noted that general contract principles do not control when the government has not specifically agreed to file a § 5K1.1 motion, and, therefore, there must be a substantial showing of an unconstitutional motivation in order to warrant judicial review. Id. at 1500, n.3. On the other hand, when a plea rests in any significant portion on the government's promise or agreement, so that it becomes part of the inducement or consideration, such promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 261-62, 92 S. Ct. 495, 498-99 (1971).

As an initial matter, the government asserts that Weeks's appeal is moot because it provided Weeks a good faith evaluation of why it did not file a Rule 35(b) motion. Weeks's mandamus petition, however, was not solely seeking a good faith evaluation; he was also seeking enforcement of his alleged oral contract,

9

an evidentiary hearing, and a reduction in his sentence. Therefore, Weeks's appeal is not moot.

The district court did not abuse its discretion by denying the petition for a writ of mandamus. Weeks's case is distinguishable from Santobello, in that although Weeks alleges that there was a specific oral agreement requiring the government to file a Rule 35(b) motion, the evidence in the record indicates, and the district court implicitly found, that if there was any agreement, it did not require the government to file a Rule 35(b) motion but only to consider whether such a motion should be filed. The district court did not make a clear error of judgment in finding no specific oral agreement. Navolio stated that the government indicated that it would consider whether any substantial cooperation was provided and, if so, file a Rule 35(b) motion. Further, Ceresoli stated that the government had assured her that, if she provided information which led to the arrest or conviction of another person, it would evaluate the cooperation and determine whether it qualified for a substantial assistance sentence reduction. Both of these statements support the district court's implicit finding that the government was not contractually obligated to file a Rule 35(b) motion but instead would only consider filing the motion.

Because there was no specific agreement requiring the government to file a Rule 35(b) motion, the district court was authorized to review the government's refusal to file a substantial assistance motion only if it found that the refusal was based on an unconstitutional motive, such as race or religion. Wade, 504 U.S. at 185-86, 112 S. Ct at 1843-44. Weeks's claim that the government acted in bad faith failed to allege, much less make a "substantial threshold showing," that the government's refusal to file a Rule 35(b) motion was based on a constitutional impermissible motive. Therefore, Weeks was not entitled to judicial review or an evidentiary hearing.

## III. CONCLUSION

Weeks' appeal from a denial of a write of mandamus to compel specific performance by the government to abide by its putative oral agreement to file a Rule 35(b) motion is without merit. The district court properly found that contract principles did not apply to the putative agreement nor had Weeks made a substantial showing that the government's failure to act was based upon a constitutionally impermissible motive.

Accordingly, we **AFFIRM**.