[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2010
JOHN LEY
CLERK

_____

No. 09-15357
Non-Argument Calendar

_____

D. C. Docket No. 09-00512-CV-S-N

JOE W. KING,

Petitioner-Appellant,

versus

J. A. KELLER,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 7, 2010)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Joe W. King, a federal prisoner proceeding *pro se*, appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. King argues that the district court erred in determining that the "savings clause" of 28 U.S.C. § 2255(e) was inapplicable to his claim and abused its discretion by failing to stay the instant proceedings pending the resolution of a Ninth Circuit case. For the reasons set forth below, we affirm.

## I.

In June 2009, King filed a *pro se* petition pursuant to 28 U.S.C. § 2241 challenging his convictions for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956. King argued that he was actually innocent of the money laundering charges, and that his convictions violated his due process rights, because § 1956 was void for vagueness. He stated that he previously filed a § 2255 petition, which had been denied. King asserted that he was entitled to relief under § 2255's savings clause, based on *United States v. Santos*, 553 U.S. __, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008).

In a memorandum in support of his § 2241 petition, King argued that he was eligible for relief under § 2241, because *Santos* was retroactively applicable to cases on collateral review and decriminalized the conduct for which he was convicted. King explained that, because *Santos* defined "proceeds" to mean

2

"profits," King was actually innocent of the money laundering offenses, because the government used "gross receipts" to compute his sentence. He also asserted that § 1956 was void for vagueness because it failed to define "proceeds" and, therefore, failed to provide him with sufficient notice that his conduct was criminal.

King attached to his memorandum a copy of his plea agreement, in which he agreed to plead guilty to two counts of conspiracy to commit money laundering. Under the plea agreement, the parties stipulated that King conspired with other individuals to defraud investors and launder money through various corporate entities ("Count 1"). The parties also agreed that King conspired to defraud investors by falsely promising that the investors' money "would be held in an attorney's escrow account until it would be placed in an 'investment trading program' whereby United States Treasury Bills would be leased and the revenue generated would be distributed" to investors ("Count 113").

The government responded that King failed to meet the requirements for filing a § 2241 petition, because (1) the Supreme Court had not made *Santos* retroactively applicable to cases on collateral review; (2) *Santos* did not establish that King was convicted for a non-existent offense, because *Santos*'s narrow holding was related only to proceeds of an illegal gambling operation; and (3)

3

circuit law did not foreclose King from raising his claim prior to entering his plea or on direct appeal.

King subsequently filed a motion to grant a continuance or hold his case in abeyance pending the outcome of *Moreland v. United States*, 129 S.Ct. 997, 173 LED.2d 289 (2009), a case arising from the Ninth Circuit that was remanded by the Supreme Court for further consideration pursuant to *Santos*.

The magistrate judge denied King's § 2241 motion, finding that King was ineligible for relief under § 2255(e)'s savings clause, because (1) the Supreme Court had never declared *Santos* to have retroactive effect; (2) *Santos*'s holding did not establish that King's convictions were now non-existent offenses, because King's convictions did not involve illegal gambling; and (3) at the time of King's conviction, circuit law did not foreclose an argument that "proceeds," as defined by 18 U.S.C. § 1956, meant "profits" as opposed to "receipts."

## II.

### *28 U.S.C. § 2255(e)'s "Savings Clause"*

We review *de novo* a district court's denial of a § 2241 habeas petition. *Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). Generally, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). However, if a remedy

under § 2255 is inadequate or ineffective, a federal prisoner may file a § 2241

habeas petition under 28 U.S.C. § 2255(e)'s "savings clause," which provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see Sawyer*, 326 F.3d at 1365. "The burden of coming

forward with evidence affirmatively showing the inadequacy or ineffectiveness of

the § 2255 remedy rests with the petitioner." *McGhee v. Hanberry*, 604 F.2d 9, 10

(5th Cir. 1979).

We have established that § 2255(e)'s savings clause applies only when (1)

the petitioner's claim is based on a retroactively applicable Supreme Court

decision; (2) the holding of that decision establishes that the petitioner was

convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such

a claim at the time it otherwise should have been raised at the petitioner's trial,

appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir.

1999). A petitioner may not argue the merits of his claim until he has "open[ed] the

portal" to a § 2241 proceeding by demonstrating that the savings clause applies to

his claim. *See id.* at 1244 n.3.

5

The relevant portion of 18 U.S.C. § 1956 provides that

> [w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction . . . or imprisonment for not more than twenty years, or both.

18 U.S.C. § 1956(a)(1). In *Santos*, the Supreme Court held that the word "proceeds," as used in § 1956, meant "profits," rather than "receipts." *Santos*, 523 U.S. at __, 128 S.Ct. at 2025.

In *United States v. Demarest*, 570 F.3d 1232 (11th Cir.), *cert. denied*, 130 S.Ct. 421 (2009), we noted that *Santos* had "limited precedential value," because three parts of the four-part opinion were issued by a plurality of Supreme Court justices. *Id.* at 1242. Thus, because "no single rationale explaining the result enjoy[ed] the assent of five Justices," the *Santos* holding "may be viewed as that position taken by those Members who concurred in the judgment[] on the narrowest grounds." *Id.* We held that "[t]he narrow holding in *Santos*, at most, was that the gross receipts of an unlicensed gambling operation were not 'proceeds' under section 1956." *Id.* We determined that *Santos* did not apply to Demarest's case, because there was "no evidence that the funds Demarest laundered were gross receipts of an illegal gambling operation." *Id.*

6

In determining whether King met the three *Wofford* requirements necessary to "open a portal" under § 2255(e), it appears that King met the first requirement – that his claim was based on a retroactively applicable Supreme Court decision. *See Wofford*, 177 F.3d at 1244. Although the Supreme Court, in *Santos*, did not specifically state that its holding was retroactively applicable to cases on collateral review, *Wofford* does not require such a statement. *See id.* (simply requiring that a claim be "based upon a retroactively applicable Supreme Court decision"); *compare* 28 U.S.C. § 2255(h) (requiring that a successive § 2255 motion be based on "a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*") (emphasis added). We have held that "[d]ecisions of the Supreme Court construing substantive federal criminal statutes must be given retroactive effect." *United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002). The *Santos* opinion clearly construed a substantive federal criminal statute, because it defined the meaning of one of the terms included in § 1956. *See Santos*, 523 U.S. at __, 128 S.Ct. at 2025. Thus, it appears that King has satisfied the first *Wofford* prong.

However, even if King has satisfied the first *Wofford* prong, he has failed to satisfy the second prong. Specifically, King failed to demonstrate that, based on the *Santos* decision, he was convicted of a "nonexistent offense." *See Wofford*,

7

177 F.3d at 1244. As the district court noted, and as the factual statements in King's plea agreement show, King's money laundering convictions were based on his participation in "a cash rental 'ponzi scheme' and a related treasury bill leasing program." We have interpreted *Santos* to apply only to money laundering schemes involving an illegal gambling organization. *See Demarest*, 570 F.3d at 1242. Thus, because King's offense conduct was totally unrelated to illegal gambling, *Santos* is inapplicable to his case.

Because King has failed to satisfy the second prong of the *Wofford* test, he has failed to "open the portal" to a § 2241 proceeding. *See Wofford*, 177 F.3d at 1244 (requiring a prisoner to satisfy all three prongs). Although King argues that the district court should have considered his void-for-vagueness argument, the district court was not required to consider the merits of this claim, because King failed to "open the portal" by meeting the three *Wofford* requirements. *See id.* at 1244 n.3. Accordingly, the district court did not err in denying King's § 2241 motion.

### *Denial of Motion to Stay Proceedings*

We review for an abuse of discretion the district court's denial of a motion to stay pending resolution of related proceedings in another forum. *See Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 n.2 (11th Cir.

2000) (reviewing the district court's issuance of a stay).

The district court did not abuse its discretion in denying King's motion to stay his proceeding pending the outcome of *Moreland*. We have restricted application of *Santos* to money laundering cases involving proceeds of illegal gambling organizations. *See Demarest*, 570 F.3d at 1242. Therefore, King failed to meet *Wofford*'s second requirement, because he failed to show that his money laundering offense was rendered "nonexistent" by *Santos*. Moreover, the Ninth Circuit's decision in *Moreland* will not affect this determination, because Ninth Circuit case law is not binding on Eleventh Circuit courts. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (recognizing that "the decisions of one circuit are not binding on other circuits"). Because the outcome of *Moreland* would have no effect on the district court's resolution of King's § 2241 motion, the district court did not abuse its discretion in denying King's motion for a stay. Accordingly, we affirm the district court's denial of King's § 2241 motion.

**AFFIRMED.**