[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2010
JOHN LEY
CLERK

No. 09-14229
Non-Argument Calendar

_____

D. C. Docket Nos. 09-01173-CV-T-24-TBM
94-00065-CR-T-2

JASON SPENCER WEEKS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 11, 2010)

Before TJOFLAT, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Jason Spencer Weeks ("Weeks"), a federal prisoner proceeding pro se,

appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set

aside, or correct his sentence. We granted a Certificate of Appealability ("COA")

to resolve the following issues:

> (1) Whether the district court erred in failing to consider the timeliness of [Weeks'] 28 U.S.C. § 2255 motion, in light of having been filed within one year of the Supreme Court's decision in United States v. Santos, [553] U.S. [507], 128 S. Ct. 2020, 170 L.E.2d 912 (2008), in accordance with 28 U.S.C. § 2255(f)(3)?
>
> (2) Whether the district court erred in finding that [Weeks'] 28 U.S.C. § 2255 motion to vacate was successive?

R1-11. Our review of the record and the law leads us to conclude that the district

court committed error as to both issues. Accordingly, we REVERSE and

REMAND for further proceedings.

## I. BACKGROUND

Weeks is currently serving a 360-month sentence for a 1994 jury conviction

on multiple counts: conspiracy to defraud, in violation of 18 U.S.C. § 371; four

counts of mail fraud, in violation of 18 U.S.C. § 1341; two counts of wire fraud, in

violation of 18 U.S.C. § 1343; two counts of money laundering, in violation of 18

U.S.C. § 1956; interstate transportation of stolen property, in violation of 18 U.S.C.

§ 2314; conspiracy to murder, in violation of 18 U.S.C. § 1117; illegal possession

of silencers, in violation of 26 U.S.C. § 5681; and two counts of illegal possession

of firearms and ammunition by fugitives, in violation of 18 U.S.C. § 922. See

2

United States v. Weeks, 295 Fed. Appx. 942, 943 (11th Cir. 2008) (per curiam) (unpublished). We affirmed Weeks' convictions and sentences on direct appeal in an unpublished opinion, with the mandate issuing on 15 April 1998. United States v. Weeks, No. 95-2403 (11th Cir. Dec. 31, 1997); Doc. 457. Weeks did not petition for certiorari to the United States Supreme Court.

In December 1998, Weeks filed a 28 U.S.C. § 2255 motion to vacate his sentence. Doc. 467. In August 1999, the district court dismissed the motion without prejudice for failure to file a brief or legal memorandum. Doc. 485. In January 2006, we denied as unnecessary Weeks' application for leave to file a second or successive § 2255 motion. In re: Jason Weeks, No. 06-10002-J (11th Cir. Jan. 24, 2006); Doc. 499. We explained that Weeks did not need permission to file a second or successive petition because his first § 2255 motion was not decided on the merits, but rather dismissed without prejudice. See Doc. 499 at 3.

Weeks filed this § 2255 motion on 1 June 2009. R1-1. Citing Santos, he challenges his convictions and sentences on the two federal money laundering counts under 18 U.S.C. § 1956(a)(1). Specifically, he argues that: (1) there was insufficient evidence to support his convictions, or he is actually innocent, because his transactions did not involve "profits" from a crime; (2) the indictment was defective because it did not allege that the charged transaction involved profits

3

from unlawful activity; (3) the jury instruction omitted two necessary elements of the charged crimes – that profits from a crime were involved in the transaction, and Weeks knew of this fact; and (4) his sentence exceeded the legal maximum because the district court erroneously used expense transactions to calculate his offense level. Id. at 5-9.

On 26 June 2009, the district court denied Weeks' motion as time-barred and successive. R1-5 at 3-4. The court found that Weeks' 2009 motion was untimely because it was not filed within one year of 1998, the date his conviction became final. Id. at 2-3. The court did not address Weeks' argument that his motion was timely because it was filed within one year of the Supreme Court's decision in Santos. See R1-1 at 12. Additionally, the court concluded that Weeks' motion should be denied as successive because we had not authorized a successive § 2255 motion. R1-5 at 3. The district court denied a COA. Id. at 4.

Weeks appealed, and we granted a COA limited to the issues of whether the district court erred in failing to consider the timeliness of his motion under 28 U.S.C. § 2255(f)(3), and whether the district court erred in finding that his motion was successive.

## II. DISCUSSION

A.  Whether Weeks' Motion was Untimely

We review de novo the district court's determination that Weeks' § 2255 motion was time-barred.  See Jones v. United States, 304 F.3d 1035, 1037 (11th Cir. 2002) (per curiam).  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (2009).  For purposes of § 2255(f)(3), the one-year limitations period begins running on the date the Supreme Court decided the case which initially recognized the right being asserted.  See Dodd v. United States, 545 U.S. 353, 357, 360, 125 S. Ct. 2478, 2482-83 (2005).

5

Weeks' § 2255 motion was based on the Supreme Court's holding in Santos, which was decided on 2 June 2008. Because Weeks filed his § 2255 motion within one year of that date, on 1 June 2009, his motion met the one-year filing deadline. Compare id. at 360, 125 S. Ct. at 2483 (concluding that § 2255 motion filed in April 2001 was untimely because it was filed more than one year after the Supreme Court decided the relevant case in June 1999). Weeks must still demonstrate that Santos retroactively applies to a case on collateral review, however. See 28 U.S.C. § 2255(f)(3).

In general, Supreme Court decisions that result in a new substantive rule retroactively apply to final convictions. See Schiro v. Summerlin, 542 U.S. 348, 351, 124 S. Ct. 2519, 2522 (2004); see also United States v. Peter, 310 F.3d 709, 711 (11th Cir. 2002) (per curiam) ("Decisions of the Supreme Court construing substantive federal criminal statutes must be given retroactive effect."). New substantive rules "include[] decisions that narrow the scope of a criminal statute by interpreting its terms." Schiro, 542 U.S. at 351, 124 S. Ct. at 2522. As the Supreme Court explained in Schiro, retroactive application is warranted because such rules "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." Id. at 352, 124 S. Ct. at 2522-23 (quotation marks and

6

citation omitted).

The Supreme Court did not expressly state that its holding in <u>Santos</u> was retroactively applicable to cases on collateral review, and we have not yet decided this issue in a published opinion. In <u>United States v. Demarest</u>, 570 F.3d 1232, 1241-42 (11th Cir.), <u>cert</u>. <u>denied</u>, ___ U.S. ___, 130 S. Ct. 421 (2009), we addressed <u>Santos</u>' application to a money laundering conviction on direct appeal. We noted that "<u>Santos</u> has limited precedential value" because it was a plurality opinion, and thus its holding was limited to the position that garnered five votes. <u>Id.</u> at 1242. "The narrow holding in <u>Santos</u>, at most, was that the gross receipts of an unlicensed gambling operation were not 'proceeds' under section 1956." <u>Id.</u> Because Demarest had laundered funds from the proceeds of an illegal drug trafficking enterprise, rather than gross receipts of an illegal gambling operation, we concluded that <u>Santos</u> did not undermine his conviction. <u>Id.</u>

More recently, we determined in an unpublished opinion that <u>Santos</u> does retroactively apply to a case on collateral review. <u>See</u> <u>King v. Keller</u>, No. 09-15357, 2010 WL 1337701, at *3 (11th Cir. Apr. 7, 2010) (per curiam) (unpublished). The petitioner, King, had filed a 28 U.S.C. § 2241 habeas corpus petition under the "savings clause" of 28 U.S.C. § 2255(e), challenging his convictions for conspiracy to commit money laundering in violation of 18 U.S.C.

7

§ 1956. See id. at *1. King asserted that Santos had decriminalized the conduct for which he had been convicted because the government had relied on "gross receipts," whereas Santos limited "proceeds" to "profits." Id. In order for King to obtain relief under the savings clause of § 2255(e), he had to first demonstrate that his claim was based on a retroactively applicable Supreme Court decision. See id. at *2. We concluded that he had satisfied this requirement. Citing our decision in Peter, we explained that "[t]he Santos opinion clearly construed a substantive federal criminal statute" by defining the meaning of the term "proceeds" in § 1956. Id. at *3. Accordingly, Santos retroactively applied to King's case on collateral review. See id.

Although King is not binding precedent, we find its reasoning persuasive. See 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). A violation of 18 U.S.C. § 1956 occurs when a person knowingly conducts or attempts to conduct a financial transaction involving "the proceeds of specified unlawful activity." 18 U.S.C. § 1956(a)(1) (2009). Santos narrowed the scope of the money laundering statute by interpreting the term "proceeds" to mean "profits" rather than "receipts." Santos, 523 U.S. at ___, 128 S. Ct. at 2025.[1] By construing the statute in this way,

---

[1] Since Santos, Congress has amended § 1956 to include a definition of "proceeds" that explicitly encompasses the "gross receipts" of unlawful activity. See 18 U.S.C. § 1956 (2010).

Santos resulted in a new substantive rule that applies retroactively to cases on collateral review because it carries "a significant risk that a defendant stands convicted of an act that the law does not make criminal." Schiro, 542 U.S. at 352, 124 S. Ct. at 2522-23.

Based on the foregoing, we conclude that Weeks' § 2255 motion would be considered timely under § 2255(f)(3) and that the district court erred in failing to consider the timeliness of the motion under this subsection.

B. Whether Weeks' Motion was Successive

We also conclude that the district court erred in denying Weeks' § 2255 motion as successive. We review the district court's dismissal of the motion on this basis de novo. See McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002). A federal prisoner seeking to file a second or successive § 2255 motion must first obtain certification from the appropriate court of appeals in accordance with 28 U.S.C. § 2244(b). See 28 U.S.C. § 2255(h) (2009). However, "[w]hen an earlier habeas corpus petition was dismissed without prejudice, a later petition is not 'second or successive' for purposes of § 2244(b)." Dunn v. Singletary, 168 F.3d 440, 441 (11th Cir. 1999) (per curiam).

As the government correctly recognizes, Weeks' § 2255 motion is not successive under § 2244(b) because his first and only other § 2255 motion was

dismissed without prejudice. See id. Consequently, Weeks did not need to obtain authorization to file a second or successive motion. Indeed, we previously denied as unnecessary Weeks' application for leave to file a second or successive § 2255 motion for this very reason. The district court therefore erred in denying Weeks' § 2255 motion as successive.

C. Whether Weeks is Entitled to Relief Under Santos

Although the government concedes that Weeks' § 2255 motion was timely and not successive, it urges us to affirm the district court's order denying relief based on the merits of his Santos claim. Specifically, the government argues that Santos does not apply, under our rationale in Demarest, because Weeks was involved in a complex Ponzi scheme, not in an illegal gambling operation.

We may not examine this issue, however, because our review is limited to the issues specified in the COA. See Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam). Our COA did not include the underlying merits of Weeks' Santos claim. Furthermore, because the district court dismissed Weeks' § 2255 motion on purely procedural grounds, the COA could not have properly included the merits of the underlying claim. See Ross v. Moore, 246 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) ("When a district court dismisses a petition as time-barred, it is inappropriate to grant a COA on the constitutional claim e.g., the

10

due process claim in this case.").  Thus, Weeks' entitlement to substantive relief based on <u>Santos</u> and <u>Demarest</u> is not at issue in this appeal.

### III.  CONCLUSION

We conclude the district court erred in denying Weeks' § 2255 motion as time-barred and in denying his motion as a successive filing.  Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**