[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15709
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-81447-KAM


TULIO RIVERA,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 14, 2016)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Tulio Rivera, a Florida state prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 federal habeas corpus petition as an unauthorized second or successive § 2254 petition.  Because Rivera previously filed a § 2254 petition challenging the same judgment, that petition was adjudicated on the merits, and Rivera failed to obtain authorization from this Court before filing his current petition in district court, we affirm the district court's dismissal.

## I.    FACTUAL BACKGROUND

This case represents the fourth time Rivera has filed under § 2254 a federal habeas corpus petition challenging his 1982 Florida conviction for two counts of first degree murder and three counts of attempted first degree murder.  In 1983, Rivera filed his first petition for habeas corpus relief in federal district court challenging his conviction.  The district court dismissed the petition without prejudice because Rivera had not yet exhausted his state remedies.

In 1984, Rivera filed a second petition for habeas corpus relief in federal district court challenging his conviction.  Because Rivera had exhausted his state court remedies, the district court considered the merits of his petition and ultimately denied relief.   We affirmed the district court.

2

In 2008, Rivera filed a third habeas corpus petition in federal district court challenging his conviction.  The district court dismissed the petition because Rivera had failed to obtain authorization from this Court before filing his successive petition.  Rivera did not appeal the dismissal of his third petition.

In October 2015, Rivera filed the present § 2254 habeas corpus petition in federal district court, again challenging his conviction.  Because Rivera failed to obtain prior authorization from this Court before filing his petition, the magistrate judge recommended that the district court dismiss the petition.  After considering Rivera's objection to the magistrate judge's recommendation, the district court adopted the magistrate judge's recommendation and dismissed Rivera's petition. This is Rivera's appeal.

## II.    STANDARD OF REVIEW

We review a district court's determination that a petitioner's habeas application was second or successive *de novo*.  *See Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011).

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, requires that before a prisoner in custody pursuant to a state court judgment can file a "second or successive" federal habeas petition under § 2254, he must "move in the appropriate court of appeals for an

order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3).  If a petitioner fails to obtain such prior authorization before filing a second or successive application, the district court must dismiss the petition for lack of jurisdiction.  *Magwood v. Patterson*, 561 U.S. 320, 330 (2010).

To determine whether a prisoner's petition is second or successive, we must look to whether the petitioner previously filed a federal habeas petition challenging the same judgment.  *Insignares v. Sec'y, Fla. Dept. of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014).  If a previous § 2254 petition was dismissed as premature or for failure to exhaust, the dismissal was not on the merits and a later petition is not considered second or successive.  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998) (explaining that "the dismissal of a first habeas petition for technical procedural reasons" does not "bar the prisoner from ever obtaining federal habeas review"); *Dunn v. Singletary*, 168 F.3d 440, 441 (11th Cir. 1999) ("When an earlier habeas corpus petition was dismissed without prejudice, a later petition is not 'second or successive' for purposes of § 2244(b).").

Rivera's § 2254 petition in this case qualifies as a second or successive habeas petition.  In 1984, Rivera filed a habeas corpus petition in federal district court challenging the same state court judgment that he attacks in this action.  After considering his 1984 petition, the district court denied relief on the merits, and we affirmed. Because Rivera failed to obtain leave from our Court before filing his

4

successive petition, the district court properly dismissed it.

## IV.    CONCLUSION

For the reasons set forth above, we affirm the district court.

**AFFIRMED.**