**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6111**

FLINT FITZGERALD JOHNSON, JR.,

Petitioner - Appellant,

v.

FRANK L. PERRY, Secretary N.C. Dept. of Public Safety,

Respondent - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:16-cv-00244-TDS-JLW)

Submitted:  May 19, 2017                                  Decided:  May 26, 2017

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Flint Fitzgerald Johnson, Jr., Appellant Pro Se.  Clarence Joe DelForge, III, NORTH CAROLINA DEPARTMENT OF JUSTICE, Peter Andrew Regulski, Assistant Attorney General, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Flint Fitzgerald Johnson, Jr., seeks to appeal the district court's order granting Respondent's motion to dismiss Johnson's 28 U.S.C. § 2254 (2012) petition as successive and unauthorized, and denying Johnson's summary judgment motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) (2012); *Jones v. Braxton*, 392 F.3d 683, 688 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Johnson has not made the requisite showing.[*] Accordingly, we deny Johnson's application to proceed in

---

[*] The district court correctly found that Johnson had a prior § 2254 petition dismissed with prejudice. *See Johnson v. Keller*, 1:10-cv-00373-TDS-WWD (M.D.N.C., PACER Nos. 12-13). Although we were unaware of the dismissal with prejudice when we previously denied as unnecessary Johnson's 28 U.S.C. § 2244 (2012) motion for prefiling authorization to file a successive § 2254 petition, allowing Johnson to litigate his habeas claims without § 2244 authorization "would subvert the purpose of the [Antiterrorism and Effective Death Penalty Act]'s gatekeeping provisions: to restrict (Continued)

2

forma pauperis, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

habeas petitioners from taking multiple bites at the apple." *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999) (internal quotation marks omitted). Accordingly, Johnson must first obtain this Court's authorization to file a successive habeas petition in the district court.