[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11765
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-04141-LMM

LARRY GIVENS,

Petitioner - Appellant,

versus

STATE BOARD OF PARDONS AND PAROLES,
TERRY E. BARNARD,
Chairman,
JAMES W. MILLS,
Vice Chairman,
BRAYTON T. COTTON,
BRIAN OWENS,
Member, et al.,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 20, 2018)

Before JILL PRYOR, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Larry Givens, a Georgia prisoner currently on parole[1] and proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as an unauthorized second or successive § 2254 petition. We affirm.

In 1982, Givens was convicted in Georgia state court of felony murder and attempted armed robbery. In 1989, a state habeas court vacated his attempted armed robbery conviction but denied him relief on the felony murder conviction. Since then, Givens has filed three federal habeas petitions challenging his state felony murder conviction. In 1994, Givens filed his first federal habeas petition. The district court dismissed the petition without prejudice because Givens had not yet exhausted his state court remedies. In 1995, Givens filed his second petition. The district court considered the merits of the petition and denied Givens relief. We affirmed. *See Givens v. Roulain*, 156 F.3d 187 (11th Cir. 1998) (unpublished).

In 2016, Givens filed the present § 2254 habeas corpus petition in federal district court. The magistrate judge found that Givens's petition was second or successive. Because Givens failed to obtain prior authorization from this Court

---

[1] While on parole, Givens remains "in custody" for purposes of § 2254. *See Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963) (holding that a parolee remains "in custody" for purposes of federal habeas corpus review).

before filing the petition, the magistrate judge recommended that the district court

dismiss the petition for lack of subject matter jurisdiction.  After considering

Givens's objections, the district court adopted the magistrate judge's

recommendation and dismissed the petition.  This is Givens's appeal.

We review *de novo* a district court's determination that a habeas petition is

second or successive.  *See Stewart v. United States*, 646 F.3d 856, 858 (11th Cir.

2011).  Although "we read briefs filed by *pro se* litigants liberally, issues not

briefed on appeal by a *pro se* litigant are deemed abandoned."  *Timson v. Sampson*,

518 F.3d 870, 874 (11th Cir. 2008) (internal citation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

Pub. L. No. 104-132, 110 Stat. 1214, requires that before a prisoner in custody due

to a state court judgment can file a "second or successive" federal habeas petition

under § 2254, he must "move in the appropriate court of appeals for an order

authorizing the district court to consider the application."  28 U.S.C.

§ 2244(b)(3)(A).  In general, "a district judge lacks jurisdiction to decide a second

or successive petition filed without our authorization."  *Insignares v. Sec'y, Fla.*

*Dept. of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014).  To determine whether a

prisoner's petition is second or successive, we look to whether the petitioner

previously filed a federal habeas petition challenging the same judgment.  *Id.* at

1279.  But a petition is not second or successive if the "earlier habeas corpus

3

petition was dismissed without prejudice." *Dunn v. Singletary*, 168 F.3d 440, 441 (11th Cir. 1999).

Here, the district court determined that Givens's petition was barred as second or successive. On appeal, Givens's brief addresses only why he is entitled to habeas relief, not whether the district court erred in concluding that his petition was successive. Givens thus has abandoned any argument that the district court erred in concluding that it lacked subject matter jurisdiction because his petition was second or successive. *See Timson*, 518 F.3d at 874.

Even if Givens had not abandoned this issue, we would conclude that the district court did not err. Givens's petition was second or successive because he previously challenged the same state court judgment of conviction in his 1995 federal petition, which was resolved on the merits. Because Givens failed to obtain leave from this Court to file his current petition, the district court properly dismissed it for lack of subject matter jurisdiction. *See Insignares*, 755 F.3d at 1279.

**AFFIRMED.**

4