[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-11010
Non-Argument Calendar

————————————————

D.C. Docket No. 1:19-cv-00204-ODE

JAMES HENRY BANKS,

Petitioner – Appellant,

versus

UNITED STATES OF AMERICA,
STATE OF GEORGIA,

Respondents – Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(December 5, 2019)

Before MARCUS, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

James Banks, a Georgia parolee proceeding *pro se*, appeals the district court's dismissal of his federal habeas corpus petition as an unauthorized second or successive § 2254 petition.  Because Banks failed to obtain authorization from this Court before filing his current petition in district court, we affirm the district court's dismissal.

Banks filed the present § 2254 habeas corpus petition in federal district court to challenge his Georgia state court convictions for robbery and possessing a firearm during a crime.  The magistrate judge recommended that the district court dismiss the petition as second or successive.  The magistrate judge explained that Banks had previously filed a § 2254 petition challenging his state convictions, which the district court had denied and then dismissed with prejudice.  Because Banks failed to obtain authorization from this Court before filing his current petition, the magistrate judge concluded, the court lacked jurisdiction to consider his petition.

After considering Banks's objection to the magistrate judge's recommendation, the district court adopted the magistrate judge's recommendation and denied Banks's petition.  This is Banks's appeal.

This appeal requires us to consider whether the district court properly determined that it lacked jurisdiction to consider Banks's petition because it was

second or successive.[1]  The Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, requires that before a prisoner

in custody pursuant to a state court judgment can file a "second or successive"

federal habeas petition under § 2254, he must "move in the appropriate court of

appeals for an order authorizing the district court to consider the application."

28 U.S.C. § 2244(b)(3)(A).  In general, a "district judge lacks jurisdiction to decide

a second or successive petition filed without our authorization."  *Insignares v.*

*Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014).  But the phrase

"second or successive" is "not self-defining and does not refer to all habeas

applications filed second or successively in time."  *Stewart v. United States*,

646 F.3d 856, 859 (11th Cir. 2011).

To determine whether an inmate's petition is second or successive, we look

to whether the petitioner previously filed a federal habeas petition challenging the

same judgment.  *Insignares*, 755 F.3d at 1279.  If a previous § 2254 petition was

dismissed as premature or for failure to exhaust, the dismissal was not on the

merits and a later petition is not considered second or successive.  *See Dunn v.*

*Singletary*, 168 F.3d 440, 441 (11th Cir. 1999) ("When an earlier habeas corpus

petition was dismissed without prejudice, a later petition is not 'second or

---

[1] We review *de novo* a district court's determination that a petitioner's habeas application was second or successive.  *See Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011).

3

successive' for purposes of § 2244(b)."). Here, Banks does not dispute that he filed a previous § 2254 petition challenging the same judgment or that the district court denied his earlier petition and dismissed his case with prejudice.

Banks nonetheless argues that he was not required to obtain prior authorization from a court of appeals before filing his petition because § 2244 does not require a petitioner to obtain prior authorization when his petition presents a claim that relies on a new rule of constitutional law that the Supreme Court has made retroactive. We disagree.

The plain language of § 2244 required him to receive prior authorization from our Court before filing his second or successive petition in the district court. Under AEDPA, a petitioner may be permitted to bring a second or successive petition when his claim is based on a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(b)(2). But AEDPA bars a petitioner from filing a second or successive petition raising such a claim directly in the district court. *See id.* § 2244(b)(3).

As a result, we agree with the district court that Banks's second § 2254 petition was properly considered an unauthorized second or successive habeas corpus petition. Because Banks failed to seek approval to file that petition, the district court properly dismissed it for lack of subject-matter jurisdiction.

**AFFIRMED.**